**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ZEWDITU BEYIN,
Petitioner,

v.

U.S. IMMIGRATION &
NATURALIZATION SERVICE,
Respondent.

No. 98-1347

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-094-461)

Submitted: July 14, 1998

Decided: August 6, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Richard M. Evans, Assistant Director, Carl H. McIntyre, Jr.,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Zewditu Beyin petitions for review of an order of the Board of Immigration Appeals (the "Board") denying her application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Beyin is a thirty-four year old female native and citizen of Ethiopia. She entered the United States in 1993 as a non-immigrant visitor and filed an application for asylum in 1994. Her claim was based upon her political and familial affiliations and Amhara and Oromo ethnicity. Her application was denied, and an order to show cause was issued. At the deportation hearing, at which Beyin conceded deportability, the Immigration Judge ("IJ") denied Beyin's petition for asylum and withholding of deportation but granted her application for voluntary departure. The Board reviewed Beyin's claims and dismissed her appeal.

Beyin has six children, the youngest born in the United States in 1993 and now living in Canada. Mekonnen Habte Marima, her husband, was a captain and pilot in the Imperial Ethiopian Air Force with the Mengistu government. Beyin and Marima were active in party politics. That government was deposed in 1991. Marima was jailed for three months when the government fell. After his release, he became active in a political group opposing the new transitional government.

In June 1992, Marima was arrested for the murder of seven Tigrayan men. As of this date, Marima has been confined, and there is no record of a trial on the murder charges. Beyin was not able to visit Marima while he was incarcerated because she feared for her safety at the hands of prison guards.

2

Beyin faced constant abuse and threats from her Tigrayan neighbors as a result of her husband's arrest. She quit her job of eight years and left the area to live with her mother. Tigrayan activists discovered her new location and continued their pattern of threats. Out of fear for her life, she came to the United States. Five of her children are in Ethiopia living with neighbors.

To establish a prima facie case for asylum, a person must show that she has a well-founded fear of persecution, or a showing of past persecution, as a result of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see also Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). To demonstrate a "well-founded fear of persecution," an individual must show that a reasonable person under these circumstances would fear persecution and that the fear has some basis "in the reality of the circumstances" validated with "specific concrete facts." Id. (internal quotation marks omitted).

The IJ concluded that Beyin failed to establish that any harm she fears or has suffered was related to her race, religion, nationality, membership in a particular social group, or political opinion. The IJ found that the harm Beyin suffered and the fear that she may face further persecution if she returned was due to her husband's arrest for the murder of seven individuals. Beyin's husband's membership in an opposition party and her own past activities during the Mengistu regime were insufficient to establish a well-founded fear of persecution. The Board agreed with the IJ.

We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We reverse the Board only if the evidence presented by the petitioner "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Beyin's primary contention is that her husband's arrest was motivated by his opposition to the current government. She contends that since there is no record of a conviction or a trial, it is likely that the charges were created to give the appearance of a legitimate reason to

3

detain Marima for an indeterminate length of time. Thus, according to Beyin, the abuse and threats she subsequently faced were due to Marima's political beliefs and her own activities.

We find no reason to reverse the Board's decision. The evidence shows that Beyin faced a pattern of abuse or threats only after her husband's arrest for the murder of seven persons. Thus, Marima's arrest, regardless of its legitimacy, appears to have prompted the harassment. Therefore, there is substantial evidence to find that the harassment she faced was motivated by something other than political activity or beliefs.

We therefore affirm the Board's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4